HOWARD ADAM FOX,

    Plaintiff,

v.

STROBES N MORE INC.,

    Defendant.

_____/

## **ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On February, 19, 2019, Plaintiff Howard Adam Fox filed the Complaint. ECF No. [1]. For the reasons set forth below, Plaintiff's Complaint is dismissed.

### I. Background

Plaintiff brings this action, *pro se*, for copyright infringement against Defendant Strobes N More Inc. Plaintiff alleges that that the Defendant entered into a contract with a Chinese manufacturing company which had the plans, designs and intellectual property of the Plaintiff for a product known as a license plate bracket. ECF No. [1] at 4.

### II. Legal Standard

Plaintiff has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss cases where the Plaintiff seeks to proceed *in forma pauperis* and the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). We construe the

pleadings of pro se litigants liberally. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

To state a claim for copyright infringement a plaintiff must assert: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, (1991). "To satisfy *Feist*'s first prong, a plaintiff must prove that the work ... is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.,* 79 F.3d 1532, 1541 (11th Cir. 1996) (citations omitted). A plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works are "substantially similar." *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1223 (11th Cir. 2008).

Here, Plaintiff does not allege that he has registered a product with the Copyright Office, a precondition to an infringement suit under § 501.17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 157 (2010).

Even if Plaintiff's allegations were sufficient to meet the first element, nothing in the Complaint satisfies the second element. Other than general conclusory allegation that Defendant infringed on Plaintiff's copyright and "placed their name upon the plaintiffs [sic] property," Plaintiff alleges no specific facts relating to copyright infringement. Plaintiff provides no details regarding any action taken by Defendant to sell any product that would amount to copyright infringement. Nor does Plaintiff allege any detail demonstrating substantial similarity to Plaintiff's copyright. The Court finds that the Complaint fails to state a claim of copyright infringement.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;
2. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Howard Adam Fox
7393 Lahana Circle
Boynton Beach, FL 33437